UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TONY LOVE,

    Petitioner,

    v.

WARDEN,

    Respondent.

CAUSE NO. 3:19-CV-720-JD-MGG

OPINION AND ORDER

Tony Love, a prisoner without a lawyer, filed a petition under 28 U.S.C. § 2254 challenging the disciplinary decision (WCU-18-11-0233) at the Westville Control Unit in which a disciplinary hearing officer (DHO) found him guilty of assault/battery without a weapon in violation of Indiana Department of Correction Offense A-102. ECF 1. Following a disciplinary hearing held on December 3, 2018, he was sanctioned with the loss of 5,700 days earned credit time and was demoted in credit class. *Id*.

After Love filed his petition, the Indiana Department of Correction (IDOC), through its Appeal Review Officer, decided to vacate the sanctions and remand the case for a new hearing. ECF 11-2. Based on IDOC's action, the Warden has moved to dismiss the petition as moot. ECF 11. As the Warden points out, when sanctions challenged in a habeas corpus proceeding have been vacated and the case set for a new hearing, there is nothing for this court to review. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prisoner can challenge prison disciplinary determination in habeas proceeding only when it resulted in a sanction that lengthened the duration of his confinement); *see also*

*Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) ("For a case to be justiciable, a live controversy must continue to exist at all stages of review, not simply on the date the action was initiated.").

Love has filed a response, arguing that the sanctions were never actually vacated. ECF 13. In support of this contention he admits that a re-hearing was conducted on February 6, 2020, but he claims that this was only done for the sake of "appearances" and that the same sanctions were copied into the computer, allegedly proving that the original sanctions were never removed. *Id*. at 3–4. Essentially, Love takes issue with the fact that the new sanctions "mirror" those imposed at the original hearing. *Id*. at 4.[1]

Even assuming that Love's allegations are true—that the original sanctions were not removed from the system prior to the new hearing—it remains undisputed that a new hearing was conducted and that new sanctions were issued and entered pursuant to it. *See id*. at 10 (Report of Disciplinary Hearing held on 2/6/20). The fact that those new sanctions mirror the old ones is immaterial because the scope of Love's current petition is limited to the discipline that was imposed as a result of the December 3, 2018, hearing. ECF 1 at 1. Furthermore, to the extent Love argues that holding a new hearing was inappropriate, he is mistaken. Nothing prevented the Warden from giving him a

---

[1] Love also makes arguments related to the sanctions handed down in a separate disciplinary proceeding—WCU-18-11-0237. However, those sanctions are not relevant to the matter at hand. Of note, Love filed a separate habeas corpus petition based on those proceedings. *See Love v. Warden*, No. 3:19-CV-271-DRL-MGG, filed September 3, 2019. That petition was dismissed pursuant to Section 2254 Habeas Corpus Rule 4 because Love did not lose any earned credit time, nor was he demoted in credit class as a result of that disciplinary hearing. *Id*. at ECF 5.

new hearing because "double jeopardy protections do not attach in prison disciplinary proceedings." *Portee v. Vannatta*, 105 F. App'x 855, 858 (7th Cir. 2004); *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996) ("[A]n acquittal in an earlier prison disciplinary hearing is no bar to a subsequent hearing to consider the very same charge.").

Consequently, Love has now succeeded in this case as the sanctions imposed on December 3, 2018, have been reviewed, re-heard, and replaced with the new sanctions imposed on February 6, 2020. Thus, the instant petition must be dismissed because there is no case or controversy left to adjudicate. If Love is dissatisfied with the results of the hearing held on February 6, 2020, he is free to file a new habeas petition in a separate federal lawsuit after exhausting his administrative remedies.

As a final matter, Love filed two miscellaneous motions. In his "Motion to Correct Court Records," he asks the court to correct the wording in a motion for extension of time previously filed by the Warden. Even assuming, *arguendo*, that it was an error for the Warden to refer to his disciplinary conviction as being one for "battery on three correctional officers" (Love claims it was only one officer), the alleged error would not change the outcome of this case. Love also filed a "Motion to Compel," which asks the court to order the Warden to turn over the entire administrative record. However, that request is unnecessary for the reasons set forth above. Thus, both motions will be denied.

For these reasons, the court:

(1) DENIES the motion to correct error (ECF 10);

(2) DENIES the motion to compel (ECF 14);

(3) GRANTS the motion to dismiss (ECF 11);

(4) DISMISSES the habeas corpus petition (ECF 1); and

(5) DIRECTS the clerk to close this case.

SO ORDERED on March 30, 2020

                                          /s/JON E. DEGUILIO  
                                          JUDGE  
                                          UNITED STATES DISTRICT COURT